NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH FLORKEVICZ, : CIVIL ACTION NO. 17-267 (JLL)
　Plaintiff, : **OPINION**
v. :
COMMISSIONER OF SOCIAL SECURITY, :
　Defendant. :

**LINARES**, Chief District Judge

Joseph Florkevicz seeks judicial review of the final decision (hereinafter, "the Decision") issued on behalf of the Commissioner of the Social Security Administration (hereinafter, "the Commissioner") by an administrative law judge (hereinafter, "the ALJ") dated December 1, 2015, after the ALJ conducted a hearing on September 17, 2015. (*See* ECF No. 1; R. at 13–20; R. at 25–74.) *See also* 42 U.S.C. § 405(g); L. Civ. R. 9.1. In the Decision, the ALJ addressed Florkevicz's application for disability insurance benefits and supplemental security income. (*See* R. at 13–20.)

The ALJ concluded that Florkevicz: (1) suffered from two severe physical impairments, discussed *supra*; (2) suffered from the mental impairments of depression and of substance abuse in remission that were not severe; and (3) was nevertheless not under a disability as defined by the Social Security Act from June 1, 2012, through

December 1, 2015. (*Id.* at 15–16, 20.) Florkevicz objects to the ALJ's conclusions. (*See* ECF No. 1 at 1–2.)

The Court has carefully considered the administrative record, as well as the submissions that have been made in support of and in opposition to the instant appeal. (*See* ECF No. 9 (administrative record); ECF No. 13 (Florkevicz's brief); ECF No. 18 (Commissioner's brief).) The Court decides this matter on the briefs of the parties and without conducting oral argument. *See* L. Civ. R. 78.1(b); L. Civ. R. 9.1. For the reasons set forth below, the Court finds that the ALJ failed to support her conclusions concerning Florkevicz's mental impairment of depression with substantial evidence, and thus remands this matter for further proceedings that are consistent with this Opinion.

## BACKGROUND

The Court writes for the parties who are familiar with the facts and procedural history of the case. The Court therefore specifically addresses in the discussion below only those facts relevant to the issues raised on appeal.

## STANDARD OF REVIEW

The Court must affirm the Decision if the ALJ's findings of fact are supported by substantial evidence, *i.e.*, evidence that a reasonable mind might accept as adequate to support a conclusion. *See* 42 U.S.C. § 405(g); *see also Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (stating the same); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (same); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999)

(same). The Court must be deferential to the inferences drawn by the ALJ from the facts if those inferences, in turn, are supported by substantial evidence. *See Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981); *see also Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (stating that a court "will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently"). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citations and internal quotation marks omitted). Additionally, a disability must be established by objective medical evidence.

To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

*Id.* The factors to consider in determining how to weigh the evidence originating from a medical source include: (1) the examining relationship; (2) the treatment relationship, including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of

the individual giving the opinion. *See* 20 C.F.R. § 404.1527(c).

The "substantial evidence standard is a deferential standard of review." *Jones*, 364 F.3d at 503. The ALJ is required to "set forth the reasons for his decision," and not merely make conclusory and unexplained findings. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000). But, if the ALJ's decision is adequately explained and supported, then the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 361 (3d Cir. 2004) (citation omitted). It does not matter if this Court "acting *de novo* might have reached a different conclusion." *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190–91 (3d Cir. 1986)). The ALJ is also "not require[d] . . . to use particular language or adhere to a particular format in conducting [the] analysis," but the ALJ must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505.

## THE FIVE STEP PROCESS AND THE ALJ'S DECISION

### I.     The Law

A claimant is eligible to collect benefits if, among other things, he demonstrates that he is disabled based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person is disabled only

if the physical or mental impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The "five step sequential evaluation for determining whether a claimant is under a disability, as set forth in 20 C.F.R. § 404.1520" is the following:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work.
>
> If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze

the cumulative effect of all the claimant's impairments in determining
whether she is capable of performing work and is not disabled.

*Burnett*, 220 F.3d at 118–19 (case citations omitted). As to the analysis that is required under the fourth step, the ALJ must consider all of the claimant's impairments, including those impairments that the ALJ finds to be not severe. *See* 20 C.F.R. § 404.1545(a)(2).

"The claimant bears the burden of proof for steps one, two, and four of this test. The Commissioner bears the burden of proof for the last step." *Sykes*, 228 F.3d at 263. Neither party bears the burden of proof at step three. *See id.* at 263 n.2.

## II.  Mental Impairment of Depression

At the second step of the sequential evaluation, the ALJ concluded that Florkevicz suffered from two severe impairments, *i.e.*, status post crushed left heel repair, and status post right quadriceps tendon repair. (*See* R. at 15.) However, the ALJ concluded that Florkevicz's "medically determinable mental impairments of depression and substance abuse (in remission), considered singly and in combination, do not cause more than minimal limitation in [Florkevicz's] ability to perform basic mental work activities and are therefore nonsevere." (*Id.*)

The ALJ then proceeded to address Florkevicz's impairments at the fourth step that were at that point in the analysis deemed to be severe, *i.e.*, the physical impairments, as well as those deemed to be nonsevere, *i.e.*, the mental impairments. *See* 20 C.F.R. § 404.1545(a)(2) (requiring the ALJ to assess all impairments, including those that are not deemed to be severe). There, the ALJ concluded that Florkevicz had the residual

functional capacity to perform sedentary work, but found the following in drawing that conclusion:

> Although [Florkevicz] has alleged depression, *he reported taking no psychotropic medication*, noted no psychiatric hospitalizations or outpatient treatment other than engaging in an outpatient drug rehabilitation program, and indicated that he slept well and had a good appetite, although he did indicate diminished energy and feelings of worthlessness.

(R. at 18–19 (emphasis added).)

Florkevicz argues that the ALJ erred in: (1) finding that his mental impairment of depression was not severe at the second step; and (2) consequently concluding that his mental impairment of depression in conjunction with his other impairments did not prevent him from performing sedentary work at the fourth step. (*See* ECF No. 13 at 18–19.) Specifically, Florkevicz argues that the ALJ's finding that he had not been taking any psychotropic drugs was not supported by substantial evidence. In particular, Florkevicz points out that his medical records indicate that a provider who was both a Doctor of Nursing Practice and an Advanced Practice Nurse prescribed Lexapro and Wellbutrin for him — and that he was taking those medications — for the treatment of his depression for a period of time that extended for several months before the date of the hearing. (*Id.* at 9–10, 20; *see also* R. 329–30, 334, 337–51, 353 (Florkevicz's treatment records from Jewish Family Services, which repeatedly referred to the aforementioned medications being prescribed to him). The Court also notes that Florkevicz testified

during the hearing conducted by the ALJ that he was being "give[n] . . . the antidepressants." (R. at 58.)[1]

The Court agrees with Florkevicz's arguments on this issue and concludes that this matter must be remanded for a new hearing, because the finding set forth by the ALJ that Florkevicz "reported taking no psychotropic medication" is not supported by substantial evidence. In fact, the ALJ's finding was contrary to the guidance set forth in the relevant Social Security regulation, which provides that when evaluating the extent of a claimant's mental impairment, the ALJ must "consider all relevant and available clinical signs and laboratory findings, the effects of [the claimant's] symptoms, and how [the claimant's] functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, *medication*, and other treatment." 20 C.F.R. § 404.1520a(c)(1) (emphasis added).

In response, the Commissioner acknowledges that there is evidence in the record indicating that Florkevicz was prescribed psychotropic medications during the claimed disability period, but argues that his medical records show that this "limited" treatment "effectively treated his symptoms." (ECF No. 18 at 12.) However, the Commissioner's

---

[1] Lexapro and Wellbutrin are classified as psychotropic medications. *See Grek v. Colvin*, No. 14-228, 2015 WL 3915835, at *1 (W.D. Pa. June 25, 2015) (stating that Wellbutrin is a psychotropic medication); *Kutzer v. Colvin*, No. 13-1774, 2014 WL 4796366, at *6 (M.D. Pa. Sept. 26, 2014) (stating that Lexapro is a psychotropic medication). Also, antidepressants in general are classified as psychotropic medications. *See Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293, 295 (3d Cir. 2015) (stating that "psychotropic drugs" include "antipsychotics, antidepressants, mood stabilizers, and the like").

8

statements quoted herein were not included by the ALJ in the Decision, and the Court is barred from attempting to correct the ALJ's error by independently grafting these arguments onto the findings that were set forth by the ALJ concerning Florkevicz's medication history. *See Jones*, 364 F.3d at 505 (holding that *the ALJ* must provide an explanation of the findings in order to permit a meaningful review by a district court) (emphasis added); *Lloyd v. Barnhart*, 47 F. App'x 135, 137–38 (3d Cir. 2002) (holding that "the District Court has no fact-finding role in reviewing social security disability cases"); *see also Fargnoli v. Massanari*, 247 F.3d 34, 44 n.7 (3d Cir. 2001) (vacating a district court's grant of summary judgment to the Commissioner, because the district court, in apparent recognition of an ALJ's failure to consider all of the relevant and probative evidence, engaged in the analysis of medical records on its own that were not addressed by the ALJ).

The ALJ's failure to properly consider that Florkevicz's records indicated that he was taking psychotropic medication is reversible error. *See Magwood v. Comm'r of Soc. Sec.*, 417 F. App'x 130, 132 (3d Cir. 2008) (reversing the district court's conclusion that the claimant did not suffer from a severe mental impairment, because the ALJ failed to address the fact that the claimant was taking antidepressants, and thus that conclusion was not supported by substantial evidence); *see also Lehman v. Astrue*, No. 09-1449, 2010 WL 2034767 (W.D. Pa. May 18, 2010) (holding that an ALJ's decision was not supported by substantial evidence because of, among other things, "the erroneous factual assertions"). Consequently, because the ALJ failed to properly set forth and analyze Florkevicz's history of taking psychotropic medication at step two, and then at step four,

this necessarily led to a conclusion that was not based on substantial evidence concerning Florkevicz's alleged mental impairment of depression. This is an error that can only be remedied on a remand to the ALJ. *See Melendez v. Colvin*, No. 15-4719, 2016 WL 4764819, at *5 (D.N.J. Sept. 12, 2016) (remanding a case for a new hearing because the ALJ failed to address at step two that the claimant was being treated with Wellbutrin, Trazadone, and Paxil, and thus the Court had an insufficient basis for reviewing the ALJ's rejection of the claim that the claimant was unable to work due to an alleged mental impairment); *see also Scroggins v. Astrue*, 598 F. Supp. 2d 800, 806 (N.D. Tex. 2009) (remanding a case for a new hearing to address whether the claimant's alleged severe mental impairment prevented her from working, because the ALJ failed to address the claimant's medical records indicating that the claimant was taking two psychotropic prescription medications, *i.e.*, Xanax and Wellbutrin).

Because the Court has determined that a remand is appropriate based upon the ALJ's improper assessment of Florkevicz's alleged mental impairment of depression, a new sequential evaluation is necessary. Thus, the Court will not address Florkevicz's remaining substantive challenges, because they should necessarily be addressed upon remand. *See Lawrence v. Colvin*, No. 15-2851, 2016 WL 1644622, at *10 (D.N.J. Apr. 26, 2016); *see also Magwood*, 417 F. App'x at 132 (holding that a reversal of the ALJ's denial of benefits based upon one error at step two of the analysis did not call upon the Court to provide further analysis of subsequent errors, and that such errors would necessarily be addressed on the remand).

## CONCLUSION

For the foregoing reasons, the Court remands the matter to the ALJ for further proceedings that are consistent with this Opinion. The Court will issue an appropriate Order.

JOSE L. LINARES
Chief Judge, United States District Court

Dated: February  1ST , 2018